1  TROUTMAN PEPPER LOCKE LLP
   Heather C. Smith (SBN 357018)
2  heather.c.smith@troutman.com
   Three Embarcadero Center, Suite 800
3  San Francisco, California 94111-4057
   Telephone:    415.477.5700
4  Facsimile:    415.477.5710

5
   Attorney for Defendant
6  Capital One Auto Finance, a Division of
   Capital One, N.A. (*erroneously named herein*
7  *as Capital One Auto Finance*)

8

9              **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                      **OAKLAND DIVISION**

12

| | |
|---|---|
| 13  SONJHAI MEGETTE EL, Trustee for Sonya Meggette Estate, | Case No. |
| 14 | **DEFENDANT CAPITAL ONE'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331 AND § 1446 [FEDERAL QUESTION JURISDICTION]** |
| 15            Plaintiff, | |
| 16      v. | |
| 17  CAPITAL ONE AUTO FINANCE AND DAYBREAK METRO, INC., | |
| 18            Defendants. | (*Alameda Superior Court Case No.25CV150246*) |
| 19 | Complaint filed: October 23, 2025 |

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Capital One Auto Finance, a Division of Capital One, Inc. (erroneously named herein as Capital One Auto Finance) ("Capital One"), through its undersigned counsel, hereby remove the above-captioned action from the Superior Court of the County of Alameda to the United States District Court for the Northern District of California. Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441. As grounds for removal, defendant states as follows:

## STATEMENT OF THE CASE

1. On October 23, 2025, Plaintiff Sonjhai Megette El ("Plaintiff") filed a complaint in the Superior Court of California, County of Alameda, titled *Sonjhai Megette El, Trustee for Sonya Meggette Estate Trust v. Capital One Auto Finance and Daybreak Metro, Inc.*, Case Number 25CV150246 ("State Court Action"). A copy of the summons, pleading, and orders in this action are attached hereto as Exhibit A.

2. On or about October 24, 2025, Plaintiff personally mailed the summons to Capital One Auto Finance Inc., which is not the correct entity. *See* Ex. A at 5. Plaintiff's personal service of the summons constitutes improper service under California Code of Civil Procedure section 414.10 ("A summons may be served by any person who is at least 18 years of age and not a party to the action."). Plaintiff emailed the complaint to Capital One on November 18, 2025. As of the date of this filing, Capital One has not been properly served with the summons and complaint.

3. Plaintiff's complaint asserts seven causes of action against Capital One: (1) Conversion; (2) Breach of Peace/Unlawful Repossession; (3) Violation of Civ. Code § 2983.2; (4) Negligence and Emotional Distress; (5) Probate Code § 16220; (6) 42 U.S.C. §12132; Gov. Code § 11135; and (7) Public Law and Treaty Protections – Public law 94-564, Treaty of Peace and Friendship (1787, 1836), U.S. Const. Art. VI, and UCC § 9-606.

4. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

1  "Because § 1448 expressly authorizes service after removal, § 1448 confirms that § 1446(b)(1)
2  does not require service before removal." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th
3  1077, 1079 (9th Cir. 2024). Capital One received an emailed copy of the complaint on November
4  18, 2025. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b) because the 30-day
5  period has not begun to run.

## FEDERAL QUESTION JURISDICTION

7  5.  28 U.S.C. § 1331 vests district courts with "original jurisdiction of all civil actions
8  arising under the Constitution, laws, or treaties of the United States."

9  6.  This Court has original jurisdiction over Plaintiff's American with Disabilities Act
10 ("ADA") claim pursuant to 28 U.S.C. § 1331.

11 7.  In Plaintiff's complaint, she alleges that Capital One violated the ADA. *See* Ex. A
12 at 17.

13 8.  Federal question jurisdiction exists over this action because the allegations asserted
14 by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed
15 issues arising under federal law. This case qualified for federal question jurisdiction and is
16 removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the ADA.

17 9.  Pursuant to 28 U.S.C. § 1441 (b) removal is proper irrespective of the citizenship or
18 residence of the parties.

## OTHER PROCEDURAL REQUIREMENTS

20 10. The undersigned counsel represents Defendant Capital One in this lawsuit.
21 Defendant Daybreak has not appeared in this suit.

22 11. The United States District Court for the Northern District of California, Oakland
23 Division is the proper venue pursuant to 28 U.S.C. § 1441(a) because the action being removed
24 was filed in the Superior Court of the State of California, County of Alameda. Ex. A at 16.

25 12. Capital One is concurrently filing a copy of this Notice of Removal with the Clerk
26 of the Superior Court of California for the County of Alameda, a copy of which is attached hereto
27 as Exhibit B. Capital One will promptly serve Plaintiff with copies of this Notice of Removal and
28 Notice filed in the State Court Action, as required by 28 U.S.C. § § 1146(a), (d).

13. Upon information and belief, the contents of Exhibit A and Exhibit B constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446 (a).

14. This Notice of Removal is signed by Capital One's counsel pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

15. Pursuant to Civil Local Rule 3-2(e), this case is properly assigned to the Oakland Division.

## **CONCLUSION**

This Notice of Removal is being filed without prejudice to the objections and defenses of Capital One. Capital One intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, Capital One prays that the State Court Action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

Dated: December 3, 2025               Respectfully Submitted,

                                      TROUTMAN PEPPER LOCKE LLP

                                      By:*/s/ Heather C. Smith*
                                          Heather C. Smith

                                      Attorney for Defendant
                                      Capital One Auto Finance, a Division of Capital One, N.A. (*erroneously named herein as Capital One Auto Finance*)

# CERTIFICATE OF SERVICE

I, Priscilla Bankhead, declare:

I am a citizen of the United States and employed in Orange County, CA. I am over the age of 18 and not a party to the within action; my business address is 100 Spectrum Center Drive, Suite 1500, Irvine, CA 92618; email: priscilla.bankhead@troutman.com.

On December 3, 2025, I served the following document(s) described as:

## NOTICE OF REMOVAL

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

On the following parties:

Sonjhai Meggette El                    *Plaintiff in Pro Per*
201 13th Street, Suite 29533
Oakland, CA 94604

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 3, 2025, at Irvine, CA.

*/s/ Priscilla Bankhead*
Priscilla Bankhead