UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONJHAI MEGGETTE,

Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, et al.,

Defendants.

Case No.  3:25-cv-10370-JSC

**ORDER RE: PENDING MOTIONS**

Re: Dkt. Nos. 14, 21, 23

Plaintiff, who is proceeding without an attorney, filed this action in the Alameda County Superior Court alleging breach of contract and related claims based on repossession of a vehicle. (Dkt. No. 1-1 at 13.[1])  Defendant Capital One Auto Finance, a division of Capital One, N.A., removed the action to this Court based on federal question jurisdiction.  (Dkt. No. 1.)  Defendant now moves to dismiss for failure to state a claim.  (Dkt. No. 21.)  After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 5, 2026 hearing, GRANTS the motion to dismiss as to the federal claims, and defers ruling on the state law claims as discussed below.

**BACKGROUND**

Defendant removed this action to federal court based on federal question jurisdiction because "[i]n Plaintiff's complaint, she alleges that Capital One violated the ADA."  (Dkt. No. 1, Notice of Removal, ¶ 7 (citing Ex. A. at 17.)  Plaintiff's Complaint, however, pleads a single claim for breach of contract based on the allegation "Defendants wrongfully repossessed and withheld the 2020 Nissan Altima, trust property of the Estate of Sonya Meggette, without lawful notice of

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

judicial process.  Capital One Auto Finance and Daybreak Metro LLC breached contractual" and seeks $40,000 in damages.  (Dkt. No. 1-1 at 13-14.)  The document Defendant refers to was filed the same day as the Complaint and is entitled "Ex Parte Application for Emergency Relief (Breach of Peace, Conversion, And Unlawful Repossession of Trust Property)."  (Dkt. No. 1-1 at 16.)  This document lists several state law causes of action including conversion and unlawful repossession, as well as a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12312. (Dkt. No. 1-1 at 17.)

The "[w]ell-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  It is unclear if Plaintiff's reference to the ADA in the filing submitted at the same time as the Complaint falls within the scope of this rule.  It is unnecessary to reach this question, however, because, following removal, Plaintiff filed an Amended Complaint which brings several claims under state law as well as claims under the ADA, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and due process claims under the Fifth and Fourteenth Amendments.  (Dkt. No. 13.)  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.").

The same day Plaintiff filed her Amended Complaint, she filed a motion for a preliminary injunction seeking to have her vehicle returned to her.  (Dkt. No. 13.)  Defendant then filed the now pending motion to dismiss.  (Dkt. No. 21.)  Plaintiff thereafter filed an untimely opposition to the motion, which only addresses dismissal of her state law accounting/contract based claims. (Dkt. No. 26.)  Plaintiff has also filed a motion to amend the caption, which Defendant did not oppose.  (Dkt. No. 23.)

## DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint as frivolous and for failure to state a claim.  Defendant insists Plaintiffs' allegations "boil down to meritless sovereign citizen claims [which] Courts have rejected … 'as utterly meritless arguments premised on such sovereign citizen ideology.'" (Dkt. No. 21 at 11 (quoting *United States v. Studley*, 783 F.2d 934,

2

937 n.3 (9th Cir. 1986)).)  Defendant emphasizes statements Plaintiff makes alleging she is an "Indigenous, American National, Aboriginal people, not a citizen of the United States" and her submission of a declaration of nationality. (Dkt. No. 13 at 1, 17.)  To the extent Plaintiff is alleging her identity as a Moor gives her immunity from paying the loan and prevents Capital One from repossessing her vehicle, courts have indeed uniformly rejected "any argument that one's status as a Moor makes him or her a sovereign citizen who is immune from otherwise generally applicable law." *Bey v. Dimon*, No. 19-CV-07122-PJH, 2020 WL 999548, at *2 (N.D. Cal. Mar. 2, 2020) (collecting cases).

However, because it appears Plaintiff is attempting to allege claims predicated on other basis as well, the Court proceeds to analyze whether her allegations state a claim independent of her sovereign citizen theories.  The Court begins with Plaintiff's federal claims as those are the basis for the Court's subject matter jurisdiction here.

### A.    No Basis for ADA Claim

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (footnotes omitted). Plaintiff initially appeared to bring an ADA claim under Title II, 42 U.S.C. § 12132. (Dkt. No. 1-1 at 18.)  Her Amended Complaint appears to bring a claim under Title III, 42 U.S.C. § 12182. (Dkt. No. 13 a 4.)  Plaintiff has not alleged a claim under either basis.

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. For purposes of Title II, a "public entity" is "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." *Id*. § 12131.  Defendant Capital One Finance is not "public entity" for purposes of Title II of the ADA under any of the categories set forth in § 12131.  *See Blair v. Bank of Am., NA*, 573 F. App'x 665 (9th Cir. 2014) (holding Bank of America is not a "public entity" under Title II of the

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Americans with Disability Act (ADA), 42 U.S.C. § 12132). Because Plaintiff cannot bring a Title II claim against Capital One Finance, to the extent her ADA claim is predicated on a violation of Title II, it is dismissed with prejudice.

The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).  In her Amended Complaint, Plaintiff alleges she "is a qualified person with a disability within the meaning of the Americans with Disabilities Act and relied on access to an essential conveyance as necessary for daily living, access to services, medical needs, and reasonable accommodations."  (Dkt. No. 13 at 4.)  Defendant "carried out the repossession and continued deprivation of Plaintiff's conveyance without providing reasonable accommodation, without engaging in a lawful interactive process, and without offering alternative access or modification of their practices."  (*Id.*)  This "conduct denied Plaintiff full and equal access to services and benefits and constituted discrimination and failure to provide reasonable accommodation in violation of the Americans with Disabilities Act, including 42 U.S.C. § 12182."  (*Id.*)

These allegations fail to state a claim under Title III.  First, Plaintiff's conclusory allegation that she is a qualified person with a disability is insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). An individual is disabled under the ADA if they have "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Second, Plaintiff appears to allege her personal vehicle is a "public accommodation," but there is no legal support for this claim. "To the extent plaintiff is attempting to argue that his own property is a place of public accommodation, this claim fails because a private residence is not a place of public accommodation." *Baker v. Zipline Int'l Inc*, No. 2:25-CV-01063-DC-CKD (PS), 2025 WL 1765975, at *5 (E.D. Cal. June 26, 2025) (collecting cases re: same), report and recommendation adopted sub nom. *Baker v. Zipline Int'l*

4

*Inc.*, No. 2:25-CV-01063-DC-CKD (PS), 2025 WL 2306980 (E.D. Cal. Aug. 11, 2025). "[P]laces of public accommodation" include "inns, hotels, motels, restaurants, cafeterias, lunch rooms, lunch counters, soda fountains, retail establishments, gas stations, movie houses, theaters, concert halls, sports arenas and stadiums." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994) (citing 42 U.S.C. § 2000a); *see also* 42 U.S.C. § 12181(7) (listing private entities considered public accommodations). Finally, Plaintiff has not alleged Defendant discriminated against her because of her disability. Rather, Plaintiff alleges Defendant repossessed her vehicle which she relied on for assorted activities—this does not state a claim under Title III.

Accordingly, Plaintiff's ADA claim is dismissed. Plaintiff is granted leave to amend her Title III claim to the extent she has a good faith basis for alleging (1) is a qualified person with a disability; (2) Defendant owns, leases, or operates a public accommodation other than her personal vehicle; and (3) Defendant discriminated against her because of her disability.

### B.    FCRA Claim

The FCRA imposes certain obligations on persons who furnish information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s–2. Furnishers have an initial duty to provide accurate information to CRAs, as well as an additional series of duties once a furnisher receives notice from a CRA that a consumer disputes the accuracy of the furnisher's reporting. *See* 15 U.S.C. §§ 1681s–2(a), (b). Plaintiff alleges Defendant reported information to CRAs that was "inaccurate, misleading, incomplete, and legally inconsistent," and upon receiving notice of her dispute of this information failed to investigate her dispute, and follow reasonable procedures to maintain the accuracy of her credit information.[2] (Dkt. No. 13 at 6-7.)

To state a reinvestigation claim under Section 1618s-2(b), a plaintiff must show: "(1) [s]he found an inaccuracy in [her] credit report; (2) [s]he notified a CRA; (3) the CRA notified the furnisher of the information about the dispute; and (4) the furnisher and/or CRA failed to reasonably investigate the inaccuracy." *Torion v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-00422-PJH, 2017 WL 2986250, at *4 (N.D. Cal. July 13, 2017) (citing *Biggs v. Experian Info.*

---

[2] The Amended Complaint refers to 15 U.S.C. § 1681s-2 as well as 15 U.S.C. §§ 1681i, 1681e(b) (Dkt. No. 13 at 6), but the latter statutes only apply to credit reporting agencies, not furnishers.

United States District Court
Northern District of California

*Sols., Inc.*, No. 5:16-CV-01507-EJD, 2016 WL 5235043, at *1 (N.D. Cal. Sept. 22, 2016); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-57 (9th Cir. 2009)).  Plaintiff's conclusory allegations are insufficient to establish a reinvestigation claim.

First, an actual inaccuracy is a required element of an FCRA claim. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 890 (9th Cir. 2010); *see also Gorman*, 584 F.3d at 1163 ("[A] furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute.").  Plaintiff's allegations as to the inaccuracy of the information reported are conclusory: she alleges Defendant reported the account at issue "as charged off," and then alleges the information reported after the charge off was "inaccurate, misleading, incomplete, and legally inconsistent, including but not limited to reporting balances, delinquency status, or enforcement activity without accurate disclosure of the account's true status, ownership, or verification." (Dkt. No. 13 at 6.)  To be inaccurate, information must be either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163.  To the extent Plaintiff's untimely opposition contends the inaccurate statement related to Defendant failure to record her tender of $5,000 as a down payment, this is not alleged in her Amended Complaint, and even if it were, Plaintiff does not allege this amount was reported to a CRA.  (Dkt. No. 26.)  Plaintiff's vague allegations are insufficient to support an inference of an actual inaccuracy.

Second, in determining whether a furnisher's investigation was reasonable, "[t]he pertinent question is ... whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman*, 584 F.3d at 1157.  Plaintiff has not alleged any facts supporting an inference Defendant's investigation was unreasonable. *See O'Connor v. Cap. One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (dismissing where plaintiff "failed to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable" and collecting cases re: same).

As Plaintiff's FRCA claim is predicated on conclusory allegations, Defendant's motion to dismiss is granted.

6

United States District Court
Northern District of California

### C.      No Other Basis Federal Question Jurisdiction

Plaintiff's remaining federal claims also fail.  Plaintiff's fifth claim for injunctive and declaratory relief under 28 U.S.C. §§ 2201-2202 are improper as these are remedies not a standalone claim. *See Riganian v. LiveRamp Holdings, Inc*., 791 F. Supp. 3d 1075, 1095 (N.D. Cal. 2025) (dismissing cause of action for declaratory and injunctive relief with prejudice as subsumed within the prayer for relief and "not[ing] that [plaintiffs] may still seek declaratory and injunctive relief should they prevail on their claims.").  Plaintiff's tenth claim for deprivation of property without due process in violation of the Fifth and Fourteenth Amendments is likewise improper. *See Lugar v. Edmondson Oil Co*., 457 U.S. 922, 930 (1982) ("the Due Process Clause protects individuals only from governmental and not from private action"); *Jackson v. Metro. Edison Co*., 419 U.S. 345, 349 (1974) ("the Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful").

### D.      State Law Claims

The Court declines to address Defendant's motion to dismiss Plaintiff's remaining claims which all arise under state law. Defendant removed this action to federal court based on federal question jurisdiction and this is the sole basis for the Court's subject matter jurisdiction.[3]  (Dkt. No. 1 at ¶ 7.)  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). That is, if Plaintiff cannot plead a viable federal claim, then the action must be remanded to state court.  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (holding if the federal law claims that enabled removal are dismissed "leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.").

### E.      Other Pending Motions

Plaintiff filed a motion for preliminary injunction with her Amended Complaint.  (Dkt. No. 14.)  The motion is predicated on her likelihood of success on her ADA claim.  (*Id*. at 2.)  Because

---

[3] As the complaint only seeks $40,000 in damages, there is no basis for diversity jurisdiction. (Dkt. No. 1-1 at 14.)

the Court dismisses this claim, Plaintiff cannot show a likelihood of success and thus the motion for preliminary injunction is denied. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements.") (cleaned up).

Plaintiff's unopposed motion to amend the caption to change the Plaintiff to "Sonjhai Meggette Living Trust, by its Trustee sonjhai meggette el" is granted. (Dkt. No. 23.)

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED as to Plaintiff's federal claims. This dismissal is without leave to amend except as to Plaintiff's Title III ADA claim and her FCRA claim. Alternatively, Plaintiff may elect not to amend these claims and instead proceed on her state law repossession related claims in state court. Plaintiff shall file an amended complaint or a statement that she does not intend to amend **by March 26, 2026**. Plaintiff may not add new claims or parties without first obtaining permission from the Court.

Plaintiff's motion for a preliminary injunction is DENIED. (Dkt. No. 14.)

Plaintiff's motion to amend the caption is GRANTED. (Dkt. No. 23.)

This Order disposes of Docket Nos. 14, 21, 23.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California